IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|   |   |   |
|---|---|---|
| IN RE | ) ) ) | |
| CAL DATA SYSTEMS, INC., | ) ) | CASE NO. 07-33222-H3-7 |
| Debtor, | ) ) | |

MEMORANDUM OPINION

The court has considered the "Emergency Motion for Use of Cash Collateral for the Period June 12, 2007 Through July 2, 2007 Nunc Pro Tunc to May 16, 2007 and For Interim Use of Cash Collateral" (Docket No. 16). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Cal Data Systems, Inc. ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on May 14, 2007. Rodney D. Tow ("Trustee") is the Chapter 7 Trustee.

In the instant motion, Trustee seeks to use the cash collateral of Capital Bank, N.A. ("Capital"), in order to investigate the question of whether there is any benefit to the estate in prosecution of a suit commenced prepetition by the

Debtor against NCS Pearson, Inc. d/b/a Pearson School Systems. The suit is presently pending in the United States District Court for the Southern District of Texas, in Case No. 07-cv-1390. Capital opposes the motion, asserting that it may lose the value of assets whose value is known in evaluating a speculative asset.

Capital has filed a proof of claim in the above captioned case, asserting a secured claim in the amount of $562,462.24.

In the suit filed by Debtor prepetition, Debtor asserted claims for damages, which it valued at $550,000 in its schedules. The defendant in the suit has asserted a counterclaim, seeking in excess of $1 million in alleged compensatory damages, and $10 million in punitive damages.[1]

The parties have stipulated that Trustee has no assets other than Capital's collateral with which to investigate the causes of action in the pending litigation. Capital asserts that its security interest extends to all claims in the litigation. Trustee asserts that Capital's security interest does not extend to tort claims in the litigation.

Trustee testified that he does not know the nature and value of the claims asserted in the suit pending in the District Court. He testified that he is unable to locate counsel willing

---

[1] This court makes no finding as to the merit or value of either Debtor's prepetition claims against Pearson or Pearson's counterclaims.

to consider the estate's causes of action on a contingent fee basis.  He testified that the investigation of the suit will require the hiring of outside counsel.

Michael O'Connor, a commercial litigator employed by Capital, testified that evaluation of the litigation would require the employment of counsel in Arizona, with expertise in commercial litigation.  He testified that, based on his experience as a commercial litigator in Texas, he believes that the estate's recovery in the suit would be speculative.  The court finds this testimony credible.

### Conclusions of Law

Section 506(c) of the Bankruptcy Code provides that the trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim.  11 U.S.C. § 506(c).

The Fifth Circuit has held that the language of Section 506(c) requires a quantifiable and direct benefit to the secured creditor; indirect or speculative benefits may not be surcharged, nor may expenses that benefit the debtor or other creditors.  In re Grimland, Inc., 243 F.3d 228 (5th Cir. 2001).

In the instant case, there is no quantifiable direct benefit to Capital from Trustee's evaluation of the litigation, and, in the absence of such evaluation, there is no quantifiable

direct benefit to Capital from Trustee's prosecution of the litigation.  The court concludes that Trustee should not be permitted to surcharge Capital's collateral, and thus should not be permitted to use Capital's cash collateral to investigate and prosecute the litigation.

Based on the foregoing, a separate Judgment will be entered denying the "Emergency Motion for Use of Cash Collateral for the Period June 12, 2007 Through July 2, 2007 Nunc Pro Tunc to May 16, 2007 and For Interim Use of Cash Collateral" (Docket No. 16).

Signed at Houston, Texas on September 7, 2007.

_____
LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE